UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION
_____

| | |
|---|---|
| ROBERT ANTHONY FOSTER | CIVIL ACTION NO. 06-1478-A |
| -vs- | JUDGE DRELL |
| WILLIAM EARL HILTON, ET AL. | MAGISTRATE JUDGE KIRK |

R U L I N G

Before the Court is a Motion to Dismiss filed on behalf of the Rapides Parish Sheriff's Department.  Plaintiff, Robert Foster, does not oppose the motion.  After reviewing the pleadings and the applicable law, the Motion to Dismiss will be GRANTED.

**LAW AND DISCUSSION**

On August 29, 2006, Mr. Foster filed a civil rights suit in this Court against several defendants including the Rapides Parish Sheriff's Department ("RPSD").  In response to this complaint, the RPSD filed the instant motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, claiming that it is not a legal entity capable of being sued.

Rule 12(b)(6) allows a party to request that the Court dismiss an action on the grounds that the plaintiff "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The determinative question for the Court to consider when ruling on such a motion is:  "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."  Beanal v.

Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999).  Thus, a claim cannot be dismissed under Rule 12(b)(6) unless the plaintiff "would not be entitled to relief under any set of facts or any possible theory that [plaintiff] could prove consistent with the allegations of his complaint."  Priester v. Lowndes County, 354 F.3d 414, 419 (5thCir. 2004).

Here, Mr. Foster can prove no set of facts to support his claim that the RPSD is a political subdivision of the State of Louisiana possessing the corporate power to be sued. It is well settled under Louisiana law that a sheriff's department is not a legal entity capable of being sued.  See Valentine v. Bonneville Ins. Co., 691 So. 2d 665, 668 (La.1997); see also Cozzo v. Tangipahoa Parish Council, 279 F.3d 273, 283 (5th Cir. 2002) ("The law of Louisiana affords no legal status to the Parish Sheriff's Department wherein said department can sue or be sued, such status being reserved for the Sheriff individually"). Thus, Plaintiff's claim against the RPSD will be dismissed as it is not a proper party defendant to this action.

## **CONCLUSION**

For the abovementioned reasons, with regard to all claims against the RPSD, the motion to dismiss will be GRANTED.

SIGNED on this 18th day of May, 2007, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge

2