UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT ANTHONY FOSTER | CIVIL ACTION NO. 06-1478 |
| -vs- | JUDGE DRELL |
| WILLIAM EARL HILTON, et al. | MAGISTRATE JUDGE KIRK |

## RULING and ORDER

Before the Court is a motion for partial summary judgment (Doc. 22) filed by the defendants, William Earl Hilton, in his official capacity as Sheriff of Rapides Parish; James Guinn; and Justin Dean. For the reasons set forth below, the motion is denied.

### I. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)).

In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992). Finally, "a mere scintilla [of evidence] is not enough to defeat a motion for summary judgment." Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1086 (5th Cir. 1994) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).

## II. BACKGROUND

On September 7, 2005, the car of the plaintiff, Robert Anthony Foster ("Foster"), broke down in Alexandria, Louisiana. Rapides Parish Sheriff's Deputies stopped to investigate. The stop turned into a confrontation, the details of which are now at issue, but both sides agree that force was used against Foster. Ultimately, Foster was not charged with any crime, but he was brought to a hospital for injuries sustained during the struggle.

Foster filed suit against the defendants on August 29, 2006, asserting claims under 42 U.S.C. §§ 1983 and 1985 and seeking damages for, inter alia, medical and hospital expenses and psychological injuries. The defendants filed the instant unopposed motion for partial summary judgment (Doc. 22) on March 14, 2008, seeking dismissal of "any and all claims for damages, both special and general, for any psychiatric and/or psychological care and treatment beginning on September 7, 2005." (Doc. 22).

## III. ANALYSIS

The defendants attach voluminous medical records and expert testimony to their motion, asserting that there are no genuine issues of material fact. While it is true that the facts of Foster's treatment, both before and after the accident, are not contested, reasonable minds could differ on the fundamental issue of causation of Foster's post-accident treatment. It is clear that Foster suffered from serious mental health problems before September 7, 2005. It is also clear that <u>anyone</u> could potentially suffer some psychological harm from the defendants' unlawful excessive use of force, if proven. It is impossible to separate at this stage the amount of psychological harm to attribute to Foster's pre-existing condition and to the defendants' actions, particularly since this case has not reached trial on the merits on those actions. To grant the defendants' motion, we would have to make a determination as to causation, and to make that determination, we would have to rely on the defendants' expert testimony and make other such judgment calls. Summary judgment on this issue is not appropriate, and the motion is denied.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the defendants' motion for partial summary judgment (Doc. 22) is DENIED.

SIGNED on this 17th day of June, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE